THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DAVID YOUNG, Appellant. [931 NYS2d 527]—

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of his right to the effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case, we find that the attorney provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *Strickland v Washington*, 466 US 668 [1984]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.